
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUINCY ROBERTSON,

          Petitioner-Appellant,

v.

JAMES WALKER, Warden,

          Respondent-Appellee.

No. 16-15075

D.C. No. 4:10-cv-02633-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted December 14, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Quincy Robertson, a California state prisoner, appeals the denial of his 28

U.S.C. § 2254 habeas corpus petition challenging his conviction by jury trial for

second degree murder and assault with a firearm. Robertson argues his conviction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

should be vacated because he was prejudiced by improper jury instructions. We disagree, and affirm the district court's decision denying his petition.

Robertson was convicted of the second degree murder of Kehinde Riley, and assault with a deadly weapon and by means of force likely to inflict great bodily injury of Ricky Harris, on February 7, 2011. Cal. Penal Code §§ 187–89, 245(a)(1). The jury was instructed that "it could convict [Robertson] of second degree murder on a felony murder theory based on his commission of the offense of grossly negligent discharge of a firearm (Pen. Code, § 246.3)." *People v. Robertson*, 1 Cal. Rptr. 3d 353, 355 (Cal. Ct. App. 2003).

On direct appeal, a California appellate court affirmed the conviction, finding that the jury instructions were erroneous because the offense of grossly negligent discharge of a firearm merges with the resulting homicide and thus cannot serve as a predicate offense for second degree murder, but that any error was harmless. *Id.* The California Supreme Court affirmed the conviction on different grounds, concluding that "the merger doctrine did not bar instruction on second degree murder based upon a felony-murder theory." *People v. Robertson*, 34 Cal. 4th 156, 160 (2004).

On March 30, 2009, the California Supreme Court overruled *Robertson* in *People v. Chun*. 45 Cal. 4th 1172, 1201 (2009) ("We overrule *People v. Robertson*

2

. . . .").  *Chun* held that "all assaultive-type crimes . . . merge with the charged homicide and cannot be the basis for a second degree felony-murder instruction."[1] *Id.* at 1178. Robertson filed a petition for a writ of habeas corpus with the California Supreme Court shortly after *Chun*, claiming he was prejudiced by the faulty jury instructions given at trial. The Court denied his petition with a one-sentence ruling. Oct. 14, 2009 Order, No. S172768 (Cal.) ("The petition for writ of habeas corpus is denied."). Robertson then filed a writ of habeas corpus in the federal district court, which heard the case on the merits and issued a decision denying the petition on January 15, 2016. *Robertson v. Walker*, No. 10-cv-02633-PJH, 2016 WL 192568 (N.D. Cal. Jan. 15, 2016). The district court granted a certificate of appealability, *id.* at 16, and Robertson appealed.

We review the district court's decision de novo. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). However, the California Supreme Court's 2009 decision rejecting Robertson's habeas petition is reviewed with great deference because this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

---

[1] The predicate offense in *Chun* was shooting at an occupied vehicle, 45 Cal. 4th at 1178, not grossly negligent discharge of a firearm (the predicate offense in *Robertson*). However, the government does not dispute that grossly negligent discharge of a firearm qualifies as "assaultive" for purposes of the merger rule under *Chun*.

3

To prevail, Robertson must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

The 2009 decision denying Robertson's habeas petition was a decision on the merits. *Harrington v. Richter*, 562 U.S. 86, 96, 100 (2011). We must determine what arguments could have supported its decision. *Id.* at 102. The California Supreme Court could have denied Robertson's petition for one of two reasons—(1) the *Chun* rule did not apply when Robertson's conviction became final in 2004; or (2) the *Chun* rule does apply in Robertson's case, but any instructional error was harmless. Either of these reasons suffices to affirm the district court's decision under AEDPA's deferential standard of review.

Robertson argues that California only clarified the elements of murder as defined by statute, and no new legal rule was created.[2] Citing *Bunkley v. Florida*, he argues a due process violation occurs if a state does not apply a clarified version of a statute to final convictions pre-dating the clarification. 538 U.S. 835, 840 (2003). Robertson misreads *Bunkley*. The Supreme Court just remanded a case to the Florida Supreme Court to consider whether its first-time interpretation of a

---

[2] There is no dispute that if California did create a new legal rule in *Chun*, no Supreme Court decision would require California to apply this new rule retroactively. *See Moore v. Helling*, 763 F.3d 1011, 1021–22 (9th Cir. 2014).

criminal statute stated the law as it existed when Bunkley's (the petitioner) conviction became final. *Bunkley*, 538 U.S. at 842. And on remand, the Florida Supreme Court concluded that despite the same statute having existed since 1901, the law was different when Bunkley's conviction became final. *Bunkley v. Florida*, 882 So.2d 890, 894 (Fla. 2004). Thus, no federal law prevents the California Supreme Court from deciding that *Chun* states the correct interpretation of a statute now, while a different interpretation controlled when Robertson's conviction became final. *See id.*

Even assuming error, an independent review of the record shows that any error was harmless. *Morales v. Woodford*, 388 F.3d 1159, 1171 (9th Cir. 2003). We apply the *Brecht v. Abrahamson* test, asking whether any error "had substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. 619, 637 (1993) (internal quotation marks omitted). The district court correctly relied on the overwhelming evidence of either express or implied malice in concluding any error was harmless. *Robertson*, 2016 WL 192568, at *8–16. Additionally, we are persuaded by the California Court of Appeal's reasoning that the conviction for assaulting Harris demonstrates that "the jury must have rejected appellant's defense," and that the jury must have believed Robertson possessed either express or implied malice. *Robertson*, 1 Cal. Rptr. 3d at 373. For similar reasons, we reject

5

the argument any error would have prejudiced Robertson by depriving him of his asserted affirmative defenses.

AFFIRMED.